IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02209-CMA-MEH

DISH NETWORK L.L.C.,

        Plaintiff,

v.

MULTICULTURAL NETWORK CORPORATION, a
Delaware corporation; and
MBC FZ, L.L.C., a United Arab Emirates corporation,

        Defendants.

---

**UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO VERIFIED
COMPLAINT AND EXHIBITS (ECF NO. 2), MOTION FOR TEMPORARY
RESTRAINING ORDER (ECF NO. 3), AND MOTION FOR PRELIMINARY
INJUNCTION (ECF NO. 19)**

---

Pursuant to D.C.COLO.LCivR 7.2, Plaintiff DISH Network L.L.C. ("DISH"),

respectfully submits this Motion to Restrict Access to its Verified Complaint ("Complaint")

(ECF No. 2) and supporting exhibits, Motion for Temporary Restraining Order ("Motion for

TRO") (ECF No. 3), and Motion for Preliminary Injunction ("Motion for PI") (ECF No. 19).

DISH respectfully requests that the Court restrict access at Level 1 (access limited to the parties

and the Court) to these unredacted filings pursuant to D.C.COLO.LCivR 7.2.

Redacted and publicly available versions of the Complaint (and exhibits), Motion for

TRO, and Motion for Preliminary Injunction which contain narrow and limited redactions, are

attached to this Motion as ECF No. 21-1, 21-2, and 21-3, respectively.

## D.C.COLO.LCivR 7.1(a) CERTIFICATE OF CONFERRAL

Counsel for DISH has conferred with counsel for Defendants, Gregory P. Szewczyk of Ballard Spahr, regarding this Motion, and Defendants do not oppose the relief sought below.

## INTRODUCTION

In this action, DISH brings suit against MBC for breach of the parties' International Affiliation Agreement, dated May 24, 2016 (together with its amendments, the "Affiliation Agreement"). The Affiliation Agreement is a highly confidential agreement under which DISH secured the right to exclusively distribute MBC's Shahid Service in the United States. DISH's Verified Complaint and the Delva Declaration and supporting exhibits in support of same (ECF No. 1), as well as DISH's Motion for TRO (ECF No. 2) and Motion for PI (ECF No. 19) all contain information detailing the confidential contents of the Affiliation Agreement.

Disclosure of certain limited confidential terms of the Affiliation Agreement at issue will cause substantial harm to DISH and Defendants Multicultural Network Corporation and MBC FZ, L.L.C. (together as "MBC"). The competitive harm that would flow to the parties if the terms of the Affiliation Agreement were made public outweighs the interest of the public, including competitors, in viewing of the terms of the Affiliation Agreement in DISH's filings. DISH thus seeks to restrict access to certain parts of these pleadings and exhibits pursuant to D.C.COLO.LCivR 7.2.

## FACTUAL BACKGROUND

DISH and its subsidiary Sling TV deliver television programming to millions of households throughout the United States. DISH is one of the two largest providers of satellite-based programming in the United States. An international affiliation agreement allows DISH and

Sling TV to provide international programming to customers in the United States who would otherwise have no lawful means of accessing international programs. The Affiliation Agreement gives DISH the exclusive license over and the right to distribute the Shahid Service to its subscribers.

Because DISH's direct competitors compete for households throughout the country offering similar, if not substantially the same programming, the terms and conditions of these affiliation agreements often reveal the distributors' marketing strategy. (*See* Declaration of John Delva ("Delva Decl."), attached as Exhibit 1 to the Verified Complaint and Jury Demand, ECF No. 2-1, at 3, 8–9 ¶¶ 7–9, 37.)

Accordingly, a key aspect of the negotiations for affiliation agreements is their confidentiality. Every affiliation agreement that DISH and Sling TV negotiates is subject to a strict confidentiality provision. These confidentiality provisions are always included because of the highly sensitive information contained within each affiliation agreement. The Affiliation Agreement here is no exception and contains a robust confidentiality provision in Section 14. (*See* Affiliation Agreement § 14, Delva Decl. Ex. A, ECF No. 2-2, at 30–31.)

## **LEGAL STANDARD**

D.C.COLO.LCivR 7.2 allows the court, on motion of any party named in a civil action, to limit access to court files. *See also Office of State Court Adm'r v. Background Info. Servs., Inc.*, 994 P.2d 420, 429 (Colo. 1999). The motion for limitation shall specify the interest to be protected, and why such interest outweighs the presumption of public access, identify a clearly defined and serious injury that would result if access is not restricted, and explain why no alternative to restriction is practicable. D.C.COLO.LCivR 7.2.

The Court has discretion to restrict access to documents—a discretion to be exercised in light of the relevant facts and circumstances of the particular case. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Privacy and preservation of trade secrets are among the interests that have been found to warrant restricted access. *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010). In addition, "[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10–cv–00385–WJM–BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011).

## ARGUMENT

DISH seeks to restrict access and to redact from public access certain limited information in the Complaint, Delva Declaration and Exhibits attached to that Complaint, and DISH's Motion for TRO and Motion for PI, which proposed limited redactions specifically refer to terms and requirements in the Affiliation Agreement and DISH's efforts to enforce those terms. These redactions are necessary to protect the confidentiality of certain proprietary and sensitive business information contained in the Affiliation Agreement.

The pay-television industry is highly competitive, and a service provider can quickly lose its advantage in the market if the confidential terms and conditions of its agreements with its programmers are revealed to the public. *See, e.g.*, *Garrett*, 2011 WL 1375117, at *3. Courts have recognized the great significance of commercial confidentiality and found that access should be denied where the pleadings contain "business information that could harm a litigant's

4

competitive standing." *Id.*; *see also Two Moms & A Toy, LLC v. Int'l Playthings*, LLC, 10-cv-02271-PAB-BNB, 2011 WL 5593572, at *3 (D. Colo. Oct. 17, 2011).[1]

The terms of the Affiliation Agreement constitute confidential information that is frequently subjected to limited public access, and justifies the Court's restricting access in this case to prevent immediate and substantial competitive harm to DISH, Sling TV, and MBC. *See CBS Corp. v. F.C.C.*, 785 F.3d 699, 701–02 (D.C. Cir. 2015) (recognizing importance of "protecting competitively valuable information" contained within such agreements). DISH seeks to restrict access to the redacted information because the information is proprietary to DISH, Sling TV, and MBC, and disclosure will subject each of the parties to substantial harm and competitive disadvantage. The Affiliation Agreement also contains strict confidentiality clauses providing that the will not disclose the parties' confidential information. (*See* Affiliation Agreement § 14.)

In addition to establishing the basis for making explicit demands on DISH and Sling TV, knowledge of any specific term of the Affiliation Agreement also provides valuable information

---

[1] *See also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (granting request to have portions of record sealed because they contained "proprietary business information"); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2013 WL 3958232, at *3–4 (N.D. Cal. July 29, 2013) (granting motion to seal information regarding scope of license because disclosure could "place Rovi in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to Rovi's competitive standing"); *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165 (RBK), 2007 WL 496816, at *2–3 (D.N.J. Feb. 13, 2007) (permitting filing reply brief under seal where party was contractually obligated to keep information confidential and disclosure would "dampen [Plaintiff's] ability to negotiate effectively favorable terms" in the future); *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (sealing a settlement agreement because "it contains information about terms and conditions of the distributorship arrangement that the licensing agreement creates that might give other firms an unearned competitive advantage").

to competitors and counterparties in formulating a negotiation strategy. In stark contrast to the harm to DISH's competitive standing that would result from disclosing portions of the Affiliation Agreement to competitors, the public has little interest in knowing the commercial details of the Affiliation Agreement. The public's traditional right to open access to judicial documents is not furthered by having unfettered access to highly sensitive specific commercial details of a proprietary agreement.

Imposing Level 1 restricted access to the following pleadings is the most limited manner sufficient to protect the parties' interests and to prevent such harm:

- Verified Complaint (ECF No. 2) – with redactions as attached in **Exhibit 1** to this Motion (ECF No. 21-1);

- Declaration of John Delva (ECF No. 2-1) – with redactions also attached as Exhibit 1 to this Motion;

- Exhibits A, B, C, D, and E, to the Delva Declaration (ECF Nos. 2-2 through 2-6) – restricted in their entirety as the confidential agreement and amendments between the parties, for which Exhibit 1 contains placeholders;

- Exhibits F, G, H, I – with redactions as attached to this Motion (ECF Nos. 2-7 through 2-10);

- Motion for TRO (ECF No. 3) – with redactions as attached in **Exhibit 2** to this Motion (ECF No. 21-2); and

- Motion for PI – without redactions as filed on August 5, 2020, ECF No. 19, and with redactions as publicly available, attached here as ECF No. 21-3 with current docket placeholder at ECF No. 20.

Here, all of the redactions proposed by DISH pertain to negotiated, commercially sensitive terms from the Affiliation Agreement. The unredacted portions of the Complaint, Delva Decl., and Motions for TRO and PI provide the public with substantial information relating to the nature of DISH's allegations and claims while protecting the commercially sensitive and confidential information between the parties. DISH does not seek to restrict access to any non-confidential allegations. DISH's redacted version of the Complaint and Motions for TRO and PI provides a full picture of DISH's claims against Defendants, as well as the circumstances underlying those claims.

In seeking to redact from public view only those portions of the pleadings that describe or implicate the terms of the confidential Affiliation Agreement, DISH's proposed approach is the least restrictive alternative to sealing these documents. Courts in this District routinely approve this approach, permitting portions of filings to be restricted while ordering or permitting parties to produce redacted filings accessible to the public. *See, e.g., L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, No. 10-CV-02868-MSK-KMT, 2013 WL 5437775, at *1 n.2, 9 (D. Colo. Sep. 27, 2013) (commending parties for adhering to both the spirit and letter of Local Rule 7.2 by filing redacted versions of documents and exhibits for public review and unredacted versions under restriction); *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, 970 F. Supp. 2d 1162, 1192 (D. Colo. 2013) ("The public interest in general access and the private interests . . . can be readily accommodated by the parties' filing of redacted motion papers and exhibits that can be made available for public review, but which conceal specific [competitively sensitive information].").

Accordingly, DISH requests to maintain a Level 1 restriction, which is the lowest level of restricted access provided for by D.C.COLO.LCivR 7.2, for its Complaint and supporting exhibits, Motion for TRO, and Motion for PI.

## CONCLUSION

For the foregoing reasons, DISH respectfully requests that the Court enter an order restricting access under Level 1 Restriction to its Verified Complaint (ECF No. 2) and supporting exhibits, Motion for Temporary Restraining Order (ECF No. 3), and Motion for Preliminary Injunction (ECF No. 19). A publicly available copy of the Verified Complaint and all exhibits, as redacted, is attached at **Exhibit 1** to this Motion (ECF No. 21-1). A publicly available copy of the Motion for TRO, as redacted, is attached as **Exhibit 2** to this Motion (ECF No. 21-2). A publicly available copy of the Motion for PI is attached as **Exhibit 3** to this Motion (ECF No. 21-3).

Dated:  August 6, 2020                                  Respectfully submitted,


*s/ Chuan "CiCi" Cheng*
Hugh Q. Gottschalk
Chuan "CiCi" Cheng
Xavier J. Avery
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   gottschalk@wtotrial.com
            cheng@wtotrial.com
            avery@wtotrial.com

Attorneys for Plaintiff DISH Network L.L.C.

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on August 6, 2020, I electronically filed the foregoing **UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO VERIFIED COMPLAINT AND EXHIBITS (ECF NO. 2), MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 3), AND MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 19)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Xavier Jarron Avery**
  avery@wtotrial.com, lescano@wtotrial.com

- **Chuan Cheng**
  cheng@wtotrial.com, mestas@wtotrial.com

- **Hugh Q. Gottschalk**
  gottschalk@wtotrial.com, gottesfeld@wtotrial.com, egan@wtotrial.com

- **Gregory Paul Szewczyk**
  szewczykg@ballardspahr.com, blessingb@ballardspahr.com,
  henningc@ballardspahr.com, snider@ballardspahr.com,
  gszewczyk@post.harvard.edu, LitDocket_West@ballardspahr.com

*s/ Chuan "CiCi" Cheng*